IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL R. SEEHAFER,

                                                          ORDER

              Plaintiff,

                                          11-cv-777-slc[1]

     v.

MARATHON COUNTY and
JUDGE VINCENT K. HOWARD,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary and injunctive relief under 42 U.S.C. § 1983, plaintiff Michael Seehafer, a prisoner at the Redgranite Correctional Institution, contends that defendant Judge Vincent Howard violated his constitutional rights by misclassifying his offense as a felony rather than a misdemeanor and giving him an excessive sentence. In particular, plaintiff contends that he was improperly charged and convicted in Marathon County Case No. 02CF144 of operating while intoxicated as a fifth-offense felony, when he should have been charged with a fourth-offense misdemeanor. Plaintiff also contends that because his offense was only a misdemeanor, he should not have received jail time or supervised release. Plaintiff seeks money damages from Judge Howard and

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

Marathon County. In addition, he asks that the revocation of his supervised release that led to his present incarceration be invalidated. He has also filed a motion for appointment of counsel. Dkt. #7. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment.

Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and supplement and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing the complaint, I conclude that plaintiff's complaint is barred by the rule in Heck v. Humphrey, 512 U.S. 477 (1994), because he is challenging the validity of a state conviction and sentence.

As the Supreme Court explained in Heck, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. This means that before a plaintiff may bring a civil suit for damages related to an unconstitutional conviction or sentence under § 1983, the plaintiff must prove that the conviction "has been reversed on

2

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. The rule in Heck also applies to revocation proceedings. Spencer v. Kemna, 523 U.S. 1, 17-18 (1998) (application of Heck to parole revocation hearing); Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003). Although plaintiff states that his conviction was modified from a felony to a misdemeanor, plaintiff has not shown that his sentence or revocation of his supervised release was declared invalid by any court. Thus, I will dismiss plaintiff's complaint.

I note that even if plaintiff would be successful in having his conviction and sentence invalidated, he could not sue defendant Judge Howard for money damages. Under both federal and state law, judges cannot be sued for acts taken in their capacity as judges. Mireles v. Waco, 502 U.S. 9 (1991); Abdella v. Catlin, 79 Wis. 2d 270, 279, 255 N.W.2d 516, 521 (1977). The principle of judicial immunity recognizes that "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles, 502 U.S. at 10 (citation and quotation marks omitted).

Also, plaintiff's allegations would not support a claim against defendant Marathon County. Plaintiff could sue the county for money damages only if he could show that his

3

allegedly erroneous conviction and sentence could "fairly be said to represent official policy" of the county, which is the standard for municipal liability under § 1983. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). Plaintiff's allegations do not suggest that the county has a policy of misclassifying offenses and providing excessive sentences.

Finally, because plaintiff will not be proceeding on any of his claims, I will deny his motion for appointment of counsel as moot.

ORDER

IT IS ORDERED that

1. Plaintiff Michael Seehafer's complaint is DISMISSED under Heck v. Humphrey, 512 U.S. 477 (1994).

2. Plaintiff's motion for appointment of counsel, dkt. #7, is DENIED as moot.

3. The clerk of court is directed to close this case.

Entered this 31st day of January, 2012.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge